UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Cause No: 1:18-cv-56 |
| | ) |
| MERCHANTS BANK OF INDIANA | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT
### Summary of lawsuit

1.     The Plaintiff, Richard N. Bell, took photograph of the Indianapolis Skyline in 2000 and the "Indianapolis Nighttime Photo" was registered with the U.S. Copyright office. In 2016, the Plaintiff discovered that the Defendant Merchants Bank of Indiana ("MERCHANTS") had published the "Indianapolis Nighttime Photo" ("Exhibit A") in advertising which appears on a website owned by Defendant MERCHANTS, even though the Defendant had no rights or authority to publish the Indianapolis Nighttime Photo. The Plaintiff requests damages against Defendant MERCHANTS for violations of the U.S. Copyright laws violations of the Lanham Act.

## JURISDICTION AND VENUE

2.     This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (acts of Congress related to copyright), and 15 U.S.C. § 1125 (acts of Congress related to "likelihood of confusion."

3.     This Court has personal jurisdiction over the Defendant by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff Richard N. Bell resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## PARTIES

5.     The Plaintiff, Richard N. Bell is an attorney and a professional photographer and lives in McCordsville, Indiana.

6.     Defendant Merchants Bank of Indiana ("MERCHANTS") has conducted and does conducts business in this district.  MERCHANTS created a website with the domain name of merchantsbankofindiana.com for its business. MERCHANTS advertise that its business in this district.

## FACTS

7.     In March 2000, the Plaintiff, a United States citizen, took a photograph of downtown Indianapolis skyline from overlooking the canal from St. Clair Avenue.

2

8.     The photograph is an original work that is copyrighted under United States law.  A copy of the photo is attached as Exhibit A, hereinafter referred to as "Indianapolis Nighttime Photo".

9.     Since March 2000, the Plaintiff has either published or licensed for publication all copies of the Indianapolis Nighttime Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

10.    Indianapolis Nighttime Photo was first published on the World Wide Web on August 29, 2000 by the user's account on Web shots. It was recently published on a website created by the Plaintiff under the domain name: www.richbellphotos.com

11.    The "Indianapolis Nighttime Photo" was registered on August 4, 2011 with the United States Copyright Office and assigned Registration Number VA0001785115.

12.    Plaintiff has used the Indianapolis Nighttime Photo in advertising to such an extent that the Indianapolis Nighttime Photo is identified by the public as being created by the Plaintiff.

13.    Plaintiff has used the Indianapolis Nighttime Photo in advertising to promote his photography business.

## COUNT I

## COPYRIGHT INFRINGEMENT
## AND VIOLATIONS OF LANHAM ACT.

14.     Defendant MERCHANTS created a website with the domain name of merchantsbankofindiana.com to promote and advertise MERCHANTS's business in Indianapolis and used the Indianapolis Nighttime Photo on said website.

15.     Defendant MERCHANTS used the Indianapolis Nighttime Photo to draw or attract prospective customers to Defendant's business.

16.     Defendant MERCHANTS is liable to Plaintiff because he had the right and ability to control and supervise the content of and to control and supervise the access of third party Internet users to that website.

17.     Upon information and belief, the Defendant MERCHANTS downloaded or took the Indianapolis Nighttime Photo from the internet without permission from the owner.

18.     In November 2017, the Plaintiff discovered through the computer program google images that the website of contained the Indianapolis Nighttime Photo at merchantsbankofindiana.com and was visible to world viewers on December 21, 2017. (Exhibit B Screen Shot of Infringement)

19.    Defendant did not disclose the source of the stolen Indianapolis Nighttime

Photo or otherwise conferred credit to the owner; instead, the Defendant willfully

and recklessly falsely claimed that Defendant MERCHANTS owned the

copyrights of all images and photos contained on the website of

https://www.merchantsbankofindiana.com/587-2/ including Indianapolis

Nighttime

20.    During the years 2016 and 2017, the website of Defendant MERCHANTS

published the Indianapolis Nighttime Photo for its commercial use without paying

for said use and without obtaining the necessary authorization from the Plaintiff,

the copyright owner.

21.    While the Defendant will know the exact date of first publication, based upon

the Plaintiff's investigation, during the year 2017, Defendant began publishing the

Indianapolis Nighttime Photo and used the Indianapolis Nighttime Photo for their

commercial use without paying for said use and without obtaining the necessary

authorization from the Plaintiff in approximately in 2016 and continues to publish

the Indianapolis Nighttime Photo.

22.    The Defendant knew that he did not own Indianapolis Nighttime Photo and

knew the Defendant had not obtained the rights to publish the Indianapolis

Nighttime Photo, but recklessly and falsely represented to the world otherwise by

adding his copyright notice "© Copyright 2017 Merchants Bank. All Rights Reserved" below the Indianapolis Nighttime Photo.

23.     By adding his copyright notice "© Copyright 2017 Merchants Bank. All Rights Reserved" below the Indianapolis Nighttime Photo, Defendant MERCHANTS informed the world viewers that it owned the copyrights to the all website images including the Indianapolis Nighttime Photo.

24.     Defendant MERCHANTS has not paid anyone for the right to publish the Indianapolis Nighttime Photo, but instead fraudulently declared that the Defendant MERCHANTS owned the copyrights to the Indianapolis Nighttime Photo.

25.     Defendant refuses to pay for the unauthorized use of Indianapolis Nighttime Photo.

26.     Defendant has not agreed be enjoined from using the Indianapolis Nighttime Photo.

27.     By placing his copyright notice "© Copyright 2017 Merchants Bank. All Rights Reserved" below the Indianapolis Nighttime Photo, which was false, Defendant has violated the Lanham Act, by making false or misleading statements that damaged the Plaintiff.

28.     After the Defendant published the Indianapolis Nighttime Photo, Defendant permitted third parties to access to the webpage merchantsbankofindiana.com and copy the Indianapolis Nighttime Photo to third party Internet User's computers.

29.     Defendant is vicariously liable for each such downloaded copy of the Indianapolis Nighttime Photo initiated by each third-party Internet User regardless of whether Defendant was aware that the third party was creating the downloaded copy.

30.     Defendant is liable for all profits resulting from each downloaded copy of the Indianapolis Nighttime Photo created by each such third-party Internet User.

31.     Defendant is liable for copyright infringement regardless of whether Defendant knew that any use of the Indianapolis Nighttime Photo would infringe copyrights Plaintiff owns.

32.     Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

33.     Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

7

34.    Defendant MERCHANTS 's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

35.    Plaintiff seeks damages for Defendant's use of Plaintiff's advertising idea comprising the Indianapolis Nighttime Photo.

36.    On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant MERCHANTS has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

37.    Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

38.    Defendant has willfully and deliberately engaged in, and, is willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

39.    Examples of these willfully and deliberately Acts, include but not limited to

the following:

    a. Defendant MERCHANTS downloaded or took the Indianapolis Nighttime Photo from the internet and included said photo on the Defendant's website.

    b. Defendant failed to designate the source of the stolen Indianapolis Nighttime Photo or otherwise confer credit to the owner.

    c. Defendant recklessly, willfully and falsely asserted that the Defendant owned the copyrights of all content, images and photos contained in the Defendant's website including Indianapolis Nighttime Photo by adding the copyright notice: "© Copyright 2017 Merchants Bank. All Rights Reserved."

    d. Defendant knew that it did not own Indianapolis Nighttime Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Nighttime Photo, but deliberately and falsely represented to the world otherwise.

    e. Defendants has not paid anyone for the right to use Indianapolis Nighttime Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Nighttime Photo.

9

THEREFORE, Plaintiff prays for judgment against Defendant MERCHANTS as

follows:

   a. Ordering Defendant MERCHANTS to account to Plaintiff for all gains,
      profits, and advantages derived by Defendants, and third-party users
      by their infringement of Plaintiff's copyrights or such damages as are
      proper, and since Defendant intentionally infringed plaintiff's
      copyrights, for the maximum allowable statutory damages for each
      violation;

   b. Awarding Plaintiff actual and/or statutory damages for Defendant
      copyright infringement in an amount to be determined at trial;

   c. Awarding Plaintiff their costs, reasonable attorneys' fees, and
      disbursements in this action, pursuant to 17 U.S.C. § 505; 15 U.S.C.
      1125(a); and

   d. Awarding Plaintiff such other and further relief as is just and proper.

10

Respectfully Submitted:


Date:  January 8, 2018          /s Richard N. Bell
                                Richard N. Bell

Richard N. Bell, Atty No. 2669-49
Bell Law Firm
10042 Springstone Road
McCordsville, In 46055
(317) 589-8535
(317) 690-2053 Cell
richbell@comcast.net

11