UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00056-RLY-DLP |
| | ) |
| MERCHANTS BANK OF INDIANA, | ) |
| SONAR STUDIOS INCORPORATED, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTION TO STAY

This matter comes before the Court on Defendant Merchants Bank of Indiana's Motion to Stay Litigation Pending the Judgment in *Bell v. Maloney* (Dkt. 31). The motion has been referred to the undersigned for ruling.

### I.  Background

Plaintiff has brought this suit against Defendants for allegedly infringing his copyright to a nighttime picture of the Indianapolis skyline ("Indianapolis Nighttime Photo"). In 2017, Plaintiff discovered that Merchants Bank, with the help of Sonar Studios, Inc., uploaded and were using the Indianapolis Nighttime Photo on their website.

In *Bell v. Maloney* 1:16-cv-01193-RLY-DLP, Plaintiff has brought a similar copyright infringement lawsuit against another entity for allegedly uploading a daytime photo of the Indianapolis skyline ("Indianapolis Daytime Photo") taken by Bell. That case is currently before this Court, and is set to go to trial on July 24, 2018. (*Bell v. Maloney* 1:16-cv-01193-RLY-DLP Dkt. 79).

In both *Maloney* and the present case the work-made-for-hire defense has been raised as an affirmative defense.

## II. Discussion

Whether to grant a motion to stay litigation while another suit proceeds is a discretionary judgment call made by the Court. *See IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996). The parties and issues in concurrent litigation do not have to be identical for the Court to grant a motion to stay. *Landis v. North American Co.* 299 U.S. 248, 254 (1936). The Court uses the following three-factor test to determine if a stay of litigation is warranted: "[1] the prejudice or tactical disadvantage to the non-moving party; [2] whether or not the issues will be simplified by the decision in the other case; and [3] whether or not a stay will reduce the burden of litigation on a party. *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

A. <u>Prejudice to the Non-Moving Party</u>

Time is often the most important issue when determining if a party will be unduly prejudiced by a stay. First, the length of the stay should be reasonable. For example, a stay of litigation until all appeals had been exhausted was held to be an abuse of discretion and prejudicial to the non-movant. *See Landis*, 299 U.S. at 256. Second, time-sensitive issues that may affect the ability of the parties to litigate their case, such as the availability of witnesses or evidence, should also be considered by the Court.

Here, Defendant is asking to stay litigation until judgment is entered in the *Maloney* bench trial scheduled to begin on July 24, 2018. With this being a few weeks, this is a reasonable length of time, and will not unduly prejudice the Plaintiff. This short stay will not affect the abilities of the parties to litigate their case. Further, the Plaintiff here is also the plaintiff in *Maloney*, thus, he does not have to stand idly by while someone else determines the issues that may affect his case here and is in a position to preserve any information that may be lost due to the passage of time. Moreover, the Plaintiff fails to present any argument or allegation about how he will be specifically prejudiced by a stay in this case. Therefore, factor one weighs in the favor of Defendant and granting the motion to stay.

   B. <u>Simplification of the Issues</u>

Defendant argues that judgment in *Maloney* will simplify the issues in this case because, not only will the copyright ownership of the Indianapolis Daytime Photo be determined, but the work-made-for-hire defense will be simplified. The issue here, and in *Maloney* is whether the photos were taken within the scope of the Plaintiff Bell's employment, giving his employer ownership of the pictures at issue.

The work-made-for-hire defense comes from the 1976 Copyright Act that states if the work is made for hire, "the employer or other person for whom the work was prepared is considered the author" and owns the copyright. *Cmty. for Creative Non-Violence et al. v. Reid*, 490 U.S. 730 (1989) (quoting 17 U.S.C. § 201(b)).

In *Maloney*, the Court will address whether the Indianapolis Daytime Photo was taken within the scope of Bell's employment. For copyright purposes, the Court applies a three factor test to determine if an act was conducted within the scope of employment. The Court first evaluates if the work is "of the kind he is employed to perform." Restatement (Second) of Agency § 228 (1958). Next, the Court looks to whether the work occurred "substantially within the authorized time and space limits" *Id*. Finally, the Court looks to see if the work was "actuated, at least in part, by a purpose to serve the master." *Id*.

Plaintiff summarily argues that any determination regarding the copyright of Indianapolis Daytime Photo has no relation to the copyright of Indianapolis Nighttime Photo because they are two different pictures. Defendant represents, and Plaintiff makes no argument disputing Defendant's representation, that the Indianapolis Daytime Photo and the Indianapolis Nighttime Photo were both used on Bell's employer's website. Additionally, the photos were taken on the same day, from the same location, and by the same person. The only difference between the two pictures is that they were taken at different times on that day.

Because the only difference between the photos is the time of day that they were taken, the decision in *Maloney* will most likely simplify the work-for-hire defense by addressing the issues of whether the photos were taken within the scope of Bell's employment. Therefore, the second factor used to determine if a stay should be granted also weighs in favor of granting the motion to stay.

C. <u>Reducing the Burden of Litigation on the Parties</u>

Defendant represents that going forward with litigation in the present case will cost both of the parties "months of expensive and time consuming discovery and motions." [Dkt. 32 at 5-6]. Plaintiff does not explicitly rebut these claims but seems to argue that any discovery required for this case will be conducted regardless of what happens in *Maloney*.

Based on the arguments put forth, the Court believes a decision in *Maloney* will most likely lead to more focused discovery process, and allow the parties to narrow the scope of their inquiries. Based on the simplification of the work-made-for-hire issue and the general expenses of litigation, a stay will reduce the burden of litigation on the parties here. Thus, factor three also weighs in favor of granting the motion to stay.

### III.    Conclusion

All three factors weigh in favor of granting Defendant's Motion to Stay Litigation. Plaintiff will not be unduly prejudiced by the stay because the stay is limited to a reasonable time. The issues in both cases are sufficiently related and the work-made-for-hire defense will be simplified. Finally, the burden of litigation on the parties will be reduced by the Court's stay of this action. Therefore, Defendant's Motion to Stay Litigation (Dkt. 31) is hereby **GRANTED**. The case is **STAYED** until judgment in *Bell v. Maloney* 1:16-cv-01193-RLY-DLP is entered.

So ORDERED.

Date: 5/18/2018

*Doris L. Pryor*

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's EFC system.