UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00056-JPH-DLP |
| ) | |
| MERCHANTS BANK OF INDIANA ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Richard Bell alleges that Merchants Bank willfully used his copyrighted photo of the Indianapolis skyline on its website without his permission. He has moved for summary judgment on his claim of copyright infringement. Dkt. [56]. Merchants denies that it infringed and contends that even if it did, the infringement was not willful. Merchants has moved for summary judgment on Mr. Bell's claim of infringement and as to willfulness. Dkt. [74]. For the reasons stated below, Mr. Bell's motion is **GRANTED,** and Merchants' motion is **GRANTED in part and DENIED in part**.

**I.
Facts and Background**

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.*

1

In September 2014, Merchants Bank of Indiana contracted with Sonar Studios Incorporated to develop Merchants' new website. Dkt. 74-1 (Marsh Decl.) ¶ 6. Merchants provided the text for the website, but Sonar provided the other content, including most of the images. *Id.* ¶¶ 16-18. One of the photos Sonar included on the website was a photo of the Indianapolis skyline at night (the "Photo"). *Id.* ¶¶ 31-35; dkt. 26 ¶¶ 22-23. This Photo and the other website content were included in the website's media library and stored on a server that Merchants leased. Dkt. 74-1 ¶ 20.

The website launched in January 2015 and, in 2017, included this statement at the bottom of every page: "© Copyright 2017 Merchants Bank. All Rights Reserved." *Id.* ¶¶ 11, 36; dkt. 26 ¶ 24. On March 13, 2017, Rebecca Marsh, the Merchants employee charged with operating the website, created a blog post that included the Photo. Dkt. 74-1 ¶¶ 11, 39–43. She linked to the Photo from the website's media library on the server where Sonar stored it. *Id.* ¶¶ 42-44.

In December 2017, Richard Bell discovered that the Photo was being displayed on Merchants' website. Dkt. 57-1 (Bell Decl.) ¶¶ 8, 10, Ex. B. He recognized it as a picture he took of the Indianapolis skyline and had copyrighted with the United States Copyright Office. *Id.* ¶¶ 2-7, Ex. A, C. Neither Merchants nor Sonar had paid him for the Photo, and he had not provided them with a license to reproduce, distribute, or publish it. *Id.* ¶¶ 11-12.

On December 14, Mr. Bell emailed the owner of Merchants' server stating that Merchants was infringing on his copyright by displaying the Photo on its website. Dkt. 74-1 ¶ 47, Exhibit F. The next day, Ms. Marsh removed the Photo from the website and deleted it from the media library. *Id.* ¶ 48. Mr. Bell then sued Sonar and Merchants for copyright infringement. Dkt. 1; dkt. 23. Sonar has since been dismissed from the case. Dkt. 93; dkt. 94.

Mr. Bell has moved for summary judgment, dkt. 56, and Merchants has filed a cross-motion for summary judgment, dkt. 74.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In ruling on cross motions for summary judgment, the Court takes the motions "one at a time," viewing and reciting the evidence and drawing all reasonable inferences "in favor of the non-moving party." *Williams*, 832 F.3d at 648.

III.
Analysis

A. **Copyright infringement**

The Copyright Act provides copyright holders with six "exclusive rights," including the exclusive right "to display the copyrighted work publicly." 17 U.S.C. § 106(5). Anyone who violates any of these exclusive rights infringes on the copyright. 17 U.S.C. § 501(a). Copyright infringement may occur unintentionally. 17 U.S.C. § 504(c)(2); *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). In a case of willful infringement, the copyright owner may recover up to $150,000 in statutory damages. 17 U.S.C. § 504(c)(2).

B. **Did Merchants' infringe on Mr. Bell's copyright?**

"To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Design Basics,* 858 F.3d at 1099 (quoting *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007)). Merchants contests both elements. Dkt. 75 at 14-25; dkt. 77 at 4-5.

   **1. Ownership**

Mr. Bell has designated evidence that he owned a valid copyright of the Photo during the relevant timeframe. Mr. Bell testified that he was sole owner of the Photo and that he registered it with the Copyright Office. Dkt. 57-1 ¶¶ 2-7. He also provided a copy of his registration. *Id.* at Exhibit C. This creates a presumption that he owns the copyright of the Photo. *Mid Am. Title Co. v.*

*Kirk*, 59 F.3d 719, 721 (7th Cir. 1995) (holding that certificate of copyright registration provides a rebuttable presumption of ownership of a valid copyright); *see also Kuryakyn Holdings, LLC v. Ciro, LLC*, 242 F. Supp. 3d 789, 802 (W.D. Wis. 2017).

Merchants has not designated evidence that rebuts this presumption. It argues only that Mr. Bell "may not own a valid copyright to the Photo" because a jury in a different case found that Mr. Bell did not own a copyright to a different photo. Dkt. 77 at 4. Merchants contends that the Photo here was registered under the same copyright application and registration number as the photo in that case. *Id.* But Merchants admits that the photos are different and has not designated evidence that Mr. Bell does not own a copyright to the Photo here, or that his copyright application and registration are invalid. Nor has Merchants disputed any of Mr. Bell's designated evidence demonstrating his ownership. Therefore, Mr. Bell has met the first element of his copyright-infringement claim.

**2. Infringement**

Merchants admits that it displayed the Photo on its website in 2016 and 2017. Dkt. 26 ¶ 23. Mr. Bell did not grant Merchants or Sonar permission to display his Photo. Dkt. 57-1 ¶¶ 11, 12. Merchants argues that it did not infringe on Mr. Bell's copyright, however, because it never uploaded the Photo to its website—Sonar did. Dkt. 75 at 15. Once uploaded, the Photo existed on Merchants' website only as a unique hyperlink. *Id.* at 19-20. According to Merchants, that makes this case similar to *Flava Works, Inc. v. Gunter*, 689

F.3d 754 (7th Cir. 2012) and *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007), which held that businesses that displayed copyrighted photos or videos on their websites did not infringe on the copyrights.

But this case is different. In both of those cases, the defendants' websites acted as middlemen, pointing visitors to content hosted on other websites. In *Flava Works*, the defendant's website allowed customers to bookmark videos that they found somewhere else on the internet. 689 F.3d at 756. When customers viewed bookmarked videos, they were viewing content that was hosted elsewhere. *Id.* And in *Perfect 10*, Google allowed visitors to search for images, and it would display the results, but the images themselves were stored on another website. 508 F.3d at 1155–56.[1] In both cases, the copyrighted images or videos were stored on servers hosting other websites that were beyond the control of the defendants. *Flava*, 689 F.3d at 756; *Perfect 10*, 508 F.3d at 1155–56.

Here, Merchants' website was not a middleman; its website displayed the Photo without connecting its visitors to another website that hosted the Photo. Unlike the defendants above, Merchants stored the Photo on servers it leased. Dkt. 74-1 ¶¶ 20, 34. Indeed, Merchants admits that the Photo was "being

---

[1] Technically, Google stored "thumbnail" versions (i.e. small versions with reduced quality) of the images on its servers, but when these images were clicked, they took users to the website that hosted the full-sized image. *Perfect 10*, 508 F.3d at 1155–56. The Ninth Circuit concluded that displaying the thumbnails was a prima facie infringement of the copyright owner's display rights, but linking to the full-size images was not. *Id.* at 1160–61.

stored on its Website." Dkt. 75 at 15. Furthermore, Merchants "had the right and ability to control and supervise the content of its website." Dkt. 26 ¶ 18. Ms. Marsh had "the keys" to the website, allowing her to decide what images visitors to the site could see. Dkt. 74-1 ¶¶ 11, 25. This allowed Ms. Marsh to display the Photo or remove it entirely. *See id.* ¶¶ 47-48.

These facts make this case more like *Batesville Servs., Inc. v. Funeral Depot, Inc.*, No. 1:02-cv-1011-DFH-TA, 2004 WL 2750253, at *12 (S.D. Ind. Nov. 10, 2004) (Hamilton, J.), in which the court rejected an argument similar to the one Merchants makes here. There, the defendant hosted a website that displayed copyrighted photos of caskets, but when the photos were clicked, they took visitors to a different website that was authorized to display the images. *Id.* at *1-2. The defendant argued that it did not infringe on any copyrights because the photos were just hyperlinks. *Id.* at *12. The court rejected this argument, holding that the defendant was responsible for the infringement because it created the pages, paid for them, controlled them, and made changes to them. *Id.*

So too here. Merchants paid for the website, paid for the server that stored the Photo, controlled the content on the website, made changes to the website, and even used the Photo with original content. Dkt. 74-1 ¶¶ 11, 20, 43. The Photo's hyperlink was a part of Merchant's website with an address that included "merchantsbankofindiana.com." *Id.* ¶ 35. This conduct is sufficient to establish infringement.

7

Merchants also argues that it is entitled to summary judgment because it "never copied the Photo." Dkt. 75 at 14. But a party can infringe on a copyright holder's rights by violating any of its exclusive rights. 17 U.S.C. 501(a). An infringement on any of these rights, not just the right to copy, can support a claim for copyright infringement. *See Flava Works*, 689 F.3d at 760. Display of a copyrighted photograph on a webpage can infringe on the copyright holder's exclusive rights. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007); *Goss Int'l Americas, Inc. v. A-Am. Mach. & Assembly Co.*, No. 07-c-3248, 2007 WL 4294744, at *1-2 (N.D. Ill. Nov. 30, 2007). On this basis, Mr. Bell has been awarded summary judgment in other cases in which businesses have posted his photos on their website without his permission. *See, e.g., Bell v. Turner*, No. 1:15-cv-931-TWP-DKL, 2016 WL 1270221, at *1-2 (S.D. Ind. Mar. 31, 2016).

Finally, Merchants argues that it is entitled to summary judgment because "Sonar, not Merchants, stored (uploaded) the [Photo] on the website without Merchants knowing that Bell claimed rights to it." Dkt. 75 at 2. While the designated evidence supports Merchants' lack of knowledge, liability for copyright infringement exists even when the defendant "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2); *Design Basics, LLC*, 858 F.3d at 1099 (ownership and copying, not knowledge or intent, are the elements of an infringement claim). Thus, "it is no defense to copyright infringement that the infringer reasonably but mistakenly thought he had a license." *Douglass v.*

8

*Hustler Magazine, Inc.*, 769 F.2d 1128, 1140 (7th Cir. 1985); *see also Novelty, Inc. v. RCB Distrib., Inc.*, No. 1:08-cv-0418-DFH-WTL, 2008 WL 2705532, at *4 (S.D. Ind. July 9, 2008) ("copyright infringements may occur unintentionally"). Therefore, Mr. Bell is entitled to summary judgment on his claim that Merchants infringed on his copyright.

**C.     Was Merchants' infringement willful?**

Merchants has moved for summary judgment on the claim of willful infringement.[2] The Copyright Act allows courts to award up to $150,000 in statutory damages per infringement if the infringement was "willful." 7 U.S.C. § 504(c)(2). The Act does not define "willful," but the Seventh Circuit has held that infringement is willful "if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). In making this determination, "the trier of fact may consider evidence that the defendant ignored the plaintiff's notices about copyright protection, did not seek advice of an attorney, and passed the matter off as a nuisance." *Id.* at 512. In sum, while actual knowledge is not required for infringement to be willful, the defendants must know or have some reason to know that their actions constituted infringement. *Martin v. City of Indianapolis*, 4 F. Supp. 2d 808, 810 (S.D. Ind. 1998), *aff'd,* 192 F.3d 608 (7th Cir. 1999).

---

[2] Mr. Bell initially moved for summary judgment on the question of willfulness, dkt. 57 at 13-15, then stated that there are issues of fact on the question of willfulness and no longer seeks summary judgment on that issue, dkt. 91 at 1, 8-9.

For example, the court in *Morganactive Songs v. K&M Fox Inc.* held that a defendant willfully infringed on a copyright when it knew it needed a license to use copyrighted material and ignored "repeated warnings of potential liability." No. IP-00-1039-C-G/H, 2005 WL 3601973, at *8 (S.D. Ind. Mar. 29, 2005). In contrast, the court in *Boehm v. Zimprich* denied a plaintiff summary judgment on the question of willfulness after the defendants reproduced copyrighted material but "thought they were authorized" to do so. 68 F. Supp. 3d 969, 979 (W.D. Wis. 2014).

Here, Ms. Marsh—the only Merchants employee who could modify Merchants' website—testified that she did not select the photos that were stocked in the website's media library. Dkt. 74-1 ¶¶ 11, 37-38. When she reviewed the website, she had no reason to believe that the Photo infringed on anyone's copyright. *Id.* ¶¶ 49-50, 52. When Ms. Marsh had worked with web developers in the past, the web developers owned or licensed the website's images; she thought Sonar did that here. *Id.* ¶¶ 50-51. And there was nothing in the Photo itself, such as a watermark or copyright symbol, suggesting it was copyrighted material. *Id.* ¶¶ 54-55. Finally, upon learning of the allegation of infringement, Ms. Marsh immediately caused the Photo to be removed from the media library and website. Dkt. 74-1 ¶¶ 47-49. Collectively, this evidence demonstrates that Merchants did not know and had no reason to know that the Indianapolis skyline Photo on the Merchants website infringed on Mr. Bell's copyright. Mr. Bell has not designated evidence from which a reasonable trier of fact could find otherwise.

The only evidence Mr. Bell has designated to show willfulness is the watermark statement that appeared on the page of Merchants' website that contained the Photo, but not on the Photo itself: "© Copyright 2017 Merchants Bank. All Rights Reserved." Dkt. 91 at 9-10. But Ms. Marsh's Declaration states that "[t]he purpose of the Merchants copyright language was to protect the Website generally. Merchants did not intend to claim ownership of the Photo or the Image." Dkt. 74-1 ¶ 57. Mr. Bell has not designated evidence showing that Ms. Marsh's sworn statement is not true. *See Broad. Music, Inc. v. CDZ, Inc.,* 724 F. Supp. 2d 930, 939 (C.D. Ill. 2010).

Mr. Bell contends that the existence of a copyright notice on a website containing infringing material constitutes willful infringement, knowledge of infringement, or reckless disregard for infringement. In support of this argument he cites *Bell v. Fischer*, 1:18-cv-1570 RLY-MJD, Dkt. 22 ¶2 (S.D. Ind. August 15, 2019) and *Bell v. Patrick*, 1:16-cv-1160-TWP-DML, Dkt. 18, p. 2-3 (S.D. Ind. April 9, 2018). But *Fisher* and *Patrick* are distinguishable. As discussed above, Merchants has designated evidence that the copyright at the bottom of the website was not intended to claim ownership of the copyrighted material. There was no such designated evidence in *Fisher* or *Patrick*. Considering the designated evidence in this case, the presence of the copyright statement at the bottom of the website page does not support the inference that Merchants knew that its conduct infringed or that it acted in reckless disregard of Mr. Bell's rights. *Wildlife Exp. Corp.,* 18 F.3d at 511.

In sum, Mr. Bell has not designated evidence showing that Merchants willfully infringed on his copyright. Merchants' motion for summary judgment on this ground is **GRANTED.**

## IV.
## Conclusion

Mr. Bell's motion for summary judgment on infringement is **GRANTED**. Dkt. [56]. Merchants' motion for summary judgment is **DENIED IN PART**, as to infringement, and **GRANTED IN PART**, as to willfulness. Dkt. [74]. The parties **SHALL INFORM** the Court by **June 11, 2020** whether a damages hearing will be required.

**SO ORDERED.**

Date: 4/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Jason R. Delk
DELK MCNALLY LLP
delk@delkmcnally.com

Maura K. Kennedy
THE LAW OFFICE OF MAURA K. KENNEDY, LLC
attorneymaurakennedy@gmail.com

David W. Patton
WOODEN & MCLAUGHLIN LLP (Indianapolis)
David.Patton@Woodenlawyers.com

Zachary Thomas Searcy
WOODEN MCLAUGHLIN, LLP
zach.searcy@woodenlawyers.com

John D. Waller
WOODEN & MCLAUGHLIN LLP (Indianapolis)
john.waller@woodenlawyers.com