UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Richard N. Bell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 1:18-cv-00056-JPH-DLP |
| v. ) | |
| ) | |
| Merchants Bank of Indiana, ) | |
| ) | |
| Defendants. ) | |

**MERCHANTS' MEMORANDUM IN SUPPORT
OF OBJECTION TO BELL'S EXHIBIT 005**

Defendant Merchants Bank of Indiana ("Merchants") objects to Plaintiff's (proposed) Exhibit 005 – Order & Final Judgment in Bell v. Texas Haus Investments, LLC (9.25.17) (the "Texas Judgment"). The Texas Judgment is not relevant to the damages issues in this case, and the Court should exclude it from the record pursuant to Federal Rules of Evidence 401 and 402.

**I.     Introduction.**

Plaintiff Richard Bell ("Bell") intends to offer the Texas Judgment to prove his damages claim. The Texas Judgment is an order awarding statutory damages to Bell by the U.S. District Court for the Northern District of Texas in *Bell v. Tex. Haus Invs., LLC*, No. 4:16-CV-726-A (N.D. Tex. 2017). *Bell v. Texas Haus* is one of the approximately 200 copyright infringement cases that Bell has initiated across the country.[1] *Bell v. Texas Haus* did not involve Merchants and dealt with a different photo. The Texas Judgment contains no findings of fact or conclusions of law. There is no explanation of how the Court arrived at its damages figure. Nevertheless, Bell seeks to offer the Texas Judgment to prove his damages in this case. This "evidence" is irrelevant, however.

---

[1] https://www.indystar.com/story/news/2018/05/08/copyright-infringement-photography-indianapolis-skyline-rich-bell/554869002/

## II.     Damages under 17 U.S.C. § 504.

At the February 9, 2021 damages hearing, the Court will determine the amount of statutory damages, if any, Bell should be awarded under 17 U.S.C. § 504.  In making its determination, the law requires the Court to assess the following six factors:

> (1) [Merchants'] state of mind; (2) the expenses saved, and profits earned, by [Merchants]; (3) the revenue lost by [Bell]; (4) the deterrent effect on [Merchants] and third parties; (5) [Merchants'] cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bell v. Celebrity Entm't Corp.,* No. 1:13-CV-00035-TWP, 2014 WL 2876698, at *1 (S.D. Ind. June 24, 2014) (citing *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010)).

In addition, Merchants will prove it was an "innocent infringer."  A defendant is an innocent infringer if the evidence shows the defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright.  *See* 17 U.S.C. § 504(c)(2).[2]  Since Merchants was an innocent infringer, the Court has the discretion to reduce Bell's damages award to $200.  *See Richard N. Bell v. Michael Maloney*, No. 1:16-cv-01193-RLY-DLP (S.D. Ind. June 11, 2019) (holding defendant was an innocent infringer and awarding Bell $200 in statutory damages).

## III.    The Texas Judgment is Irrelevant to this Court's determination of Statutory Damages.

The issue is whether the Texas Judgment is relevant evidence.  Federal Rules of Evidence 401 and 402 preclude the admission of irrelevant evidence.  Rule 401 provides that evidence is only relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid.

---

[2] On April 27, 2020, the Court granted summary judgment for Merchants on Bell's willful infringement claim, finding that "Merchants did not know and had no reason to know the Indianapolis Skyline Photo on the Merchants website infringed on Mr. Bells' copyright."  [Dkt. 98 at 10.]

2

401. "By its very nature, evidence of 'unrelated' litigation is not relevant to the case at bar and is therefore inadmissible." *Jones v. City of Lincoln, Illinois,* No. 12-CV-3307, 2016 WL 9774505, at *2 (C.D. Ill. Jan. 25, 2016).

The Texas Judgment does not make any fact that is of consequence in determining Bell's damages more or less probable. The Texas Judgment involved a *different copyrighted work* and a *different defendant*. The damages award in the Texas Judgment is not proof of Merchants' state of mind, the expenses saved or profits earned by Merchants, the revenue lost by Bell, the deterrent effect on Merchants or others, Merchants' cooperation, or the conduct and attitude of the parties in this case. Likewise, the Texas Judgment does not tend to make the fact of whether (or not) Merchants had reason to believe that its acts constituted an infringement more or less probable than it would be without the Texas Judgment. For these reasons, the Texas Judgment is inadmissible.

Courts have recognized that allowing prior judgments and verdicts is unduly prejudicial to defendants because the trier of fact is likely to defer to the previous result. Accordingly, Courts have frequently precluded such evidence. *See Coleman Motor Co. v. Chrysler Corp.,* 525 F.2d 1338, 1351 (3d Cir. 1975) ("The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it."); *Leegin Creative Leather Prod., Inc. v. Ayama Indus. Co., Ltd.,* No. CV0012708TJHAJWX, 2008 WL 11339978, at *2 (C.D. Cal. Jan. 11, 2008) (granting motion in limine to exclude evidence of lawsuits Plaintiff was involved in that do not relate to the copyright at issue in this case); *Young v. Smith,* No. 3:07-CV-00854, 2016 WL 3522965, at *9 (M.D. Pa. June 28, 2016) (prohibiting plaintiff from referring to or offering evidence of prior verdict).

3

**IV.     Conclusion**

A legal opinion or judgment is not evidence or proof *per se* of anything related to Bell's claim for statutory damages.  While Merchants admittedly cannot prevent Bell from citing to the Texas Judgment in his post-trial submissions related to the law, the Texas Judgment is not an appropriate trial exhibit.  The purpose of this objection simply is to protect the record and avoid a potential finding of fact or conclusion of law based upon "evidence" of an outcome in a separate and distinct lawsuit.  Accordingly, Merchants respectfully requests that the Court exclude Plaintiff's Exhibit 005 – Order & Final Judgment in Bell v. Texas Haus Investments, LLC (9.25.17).

                        Respectfully Submitted:

                         /s/ *John D. Waller*
                        John D. Waller
                        John.Waller@dinsmore.com
                        David W. Patton
                        David.Patton@dinsmore.com
                        DINSMORE & SHOHL LLP
                        211 North Pennsylvania Street
                        One Indiana Square, Suite 1800
                        Indianapolis, IN  46204-2019
                        Tel.:    (317) 639-6151
                        Fax:    (317) 639-6444

                        Attorneys for Defendant
                        Merchants Bank of Indiana

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Richard N. Bell
Bell Law Firm
*richbell@comcast.net*

Maura K. Kennedy
The Law Office of Maura K. Kennedy, LLC
*attorneymaurakennedy@gmail.com*

Michael J. Hebenstreit
Lewis & Kappes, P.C.
*mhebenstreit@lewis-kappes.com*

   /s/ *John D. Waller*
John D. Waller