UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL J. HEBENSTREIT, Trustee of the Bankruptcy Estate for Richard N. Bell, <br><br>Plaintiff, <br><br>v. <br><br>MERCHANTS BANK OF INDIANA, <br><br>Defendant. | Cause No. 1:18-cv-00056-JPH-DLP |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Defendant Merchants Bank of Indiana ("Merchants"), by counsel, submits this response brief in opposition to the Motion for Attorney's Fees and Costs ("Motion") filed by Richard Bell ("Mr. Bell"), as counsel for Plaintiff Michael J. Hebenstreit, Trustee of the Bankruptcy Estate for Richard N. Bell ("Trustee"), and states as follows:

## I. INTRODUCTION

The Motion seeks to recover attorney's fees for Mr. Bell's representation of the Trustee along with attorney's fees for Maura Kennedy ("Ms. Kennedy"). Mr. Bell's request for his own fees is improper—in fact, dishonest—as Mr. Bell waived any right to receive such fees. Mr. Bell represented under oath to the U.S. Bankruptcy Court for the Southern District of Indiana that he would not be compensated for his services; thus, there are no fees for the Trustee to recover.

In turn, Ms. Kennedy's allegedly outstanding fees should be denied because she does not claim the Trustee owes her fees, and at this point, she is barred from making such a claim. Alternatively, Mr. Bell's request as to all of Ms. Kennedy's fees should be denied because he fails to provide admissible evidence to substantiate the fees. In addition to each of these separate

1

and distinct reasons, the relevant factors in this case weigh against an award of attorney's fees. Accordingly, the Motion should be denied.

## II. BACKGROUND

1. On January 8, 2018, Mr. Bell appeared *pro se* and filed his Complaint against Merchants for copyright infringement of his photograph (the "Photo"). Dkt. 1 and Dkt. 2.

2. Ms. Kennedy filed her appearance on behalf of Mr. Bell on March 6, 2018. Dkt. 20.

3. On March 17, 2018, Mr. Bell filed his Amended Complaint to add Sonar Studios Incorporated ("Sonar Studios") as a defendant. Dkt. 23.

4. Following a stay, on August 11, 2019, Mr. Bell filed his motion for summary judgment asserting Merchants willfully infringed and seeking the maximum statutory damages of $150,000.00. Dkt. 56 and Dkt. 57.

5. On September 30, 2019, Merchants filed its cross-motion for summary judgment and its response in opposition to Mr. Bell's motion for summary judgment. Dkt 74, 75, and 77.

6. In November 2019, Sonar Studios settled with Mr. Bell by paying him $2,000 in exchange for a release and dismissal with prejudice.

7. On April 27, 2020, the Court issued its order granting summary judgment in Mr. Bell's favor as to liability, but granting summary judgment in favor of Merchants as to willfulness, holding that Merchants did not willfully infringe. Dkt. 98.

8. On July 15, 2020, Mr. Bell filed his statement of claims seeking $30,000.00 in statutory damages (the maximum amount possible following the Court's determination that Merchants did not willfully infringe). Dkt. 112.

9. Following an adverse ruling in one of his copyright cases,[1] Mr. Bell filed a petition for Chapter 7 bankruptcy on October 27, 2020, styled as *In re: Richard Bell*, Bankr. S.D. Ind., Cause No. 20-05958-JMC-7A ("Bankruptcy Action").

10. On February 5, 2021, the Trustee was substituted as the plaintiff in this case. Dkt. 138.

11. In the Bankruptcy Action, on February 11, 2021, the Trustee submitted an amended application to appoint Mr. Bell to represent the bankruptcy estate in this copyright action for no compensation and attached an affidavit from Mr. Bell. A copy of the application and Mr. Bell's affidavit are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

12. On February 8, 2021, Mr. Bell file his appearance on behalf of the Trustee. Dkt. 139.

13. On February 9, 2021, this Court held a hearing on damages. Dkt. 140.

14. The deadline for parties to file a proof of claim in the Bankruptcy Action expired on June 14, 2021. *See* Bankruptcy Court's entry setting proof of claim deadline attached hereto as **Exhibit C**. Ms. Kennedy did not file a proof of claim in the Bankruptcy Action.

15. On August 26, 2021, the Court issued its Findings of Fact and Conclusions of Law ("Judgement") holding that Merchants was an innocent infringer and awarding Mr. Bell $200, which was reduced to $0 after applying the $2,000 credit from Mr. Bell's settlement with Sonar Studios.

16. On October 10, 2021, Mr. Bell filed his Motion seeking attorney's fees along with exhibits. Dkt 152, 153, and 154.

---

[1] *Richard N. Bell v. Carmen Commercial Real Estate Services*, 1:16-cv-01174-JRS-MPB.

### III. ARGUMENTS

A.  **Standard of Review**

17 U.S.C. § 505 provides (emphasis supplied):

> In any civil action under this title, the court in its discretion *may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a *reasonable* attorney's fee to the prevailing party as part of the costs.

Awards of attorney's fees are reviewed under an abuse of discretion standard. *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 350 (7th Cir. 2020).

B.  **The Trustee did not incur any fees in connection with Mr. Bell's representation, and Mr. Bell disclaimed any right to seek compensation.**

Mr. Bell claims the Trustee is entitled to recover $6,987.50 for his attorney's fees. Mr. Bell's request misleads the Court as the Trustee *did not incur any fees for Mr. Bell's representation*. In fact, Mr. Bell represented under oath to the Bankruptcy Court and the Trustee that he would not seek fees for his services.[2] *See* Ex. B. As a condition for representing the Trustee, Mr. Bell agreed he would not receive any compensation. *See* Ex. A, ¶ 2. Significantly, Mr. Bell tendered an affidavit along with his application to serve as counsel stating under oath "I am the Debtor however understand that I will not receive any compensation[.]" Ex. B, ¶ 5. He further averred "I am not seeking any compensation nor have I agreed to share any compensation with any other person or firm." *Id.* at ¶ 6. By virtue of these statements, Mr. Bell waived any right to seek attorney's fees. Mr. Bell's claim that he is owed attorney's fees at a rate of $325 per hour is a lie.

---

[2] The law is well established that Mr. Bell is not eligible to recover attorney's fees in connection with his *pro se* representation. *See Kay v. Ehrler*, 499 U.S. 432, 438, 111 S. Ct. 1435, 1438 (1991) (holding attorney who represented himself *pro se* could not recover attorney's fees).

4

Under § 505, a court "in its discretion may allow the recovery of full costs by or against any party. . . . [and] may also award a reasonable attorney's fees to the prevailing party *as part of the costs*[.]" 17 U.S.C. § 505 (emphasis added). In this case, the Trustee has incurred *no costs* in connection with Mr. Bell's representation. Mr. Bell's submission of records (Dkt. 153-1 and Dkt. 153-2) showing alleged fees for his services is fraudulent. Mr. Bell's effort to profit from the trial (in which he was awarded zero damages) should be denied accordingly.

**C.     The Court should deny Mr. Bell's request to recover Ms. Kennedy's allegedly outstanding fees because she does not claim she is owed these fees. Alternatively, the Court should deny Mr. Bell's request because he does not submit any admissible evidence in support of Ms. Kennedy's fees.**

Mr. Bell's request to recover purported expenses associated with Ms. Kennedy's representation should be denied for at least two separate and distinct reasons. First, as to her allegedly outstanding fees, Mr. Bell's exhibit (Dkt. 153-1) implies that the Trustee purportedly owes Ms. Kennedy $7,270.00 in unpaid fees.[3] However, Ms. Kennedy does not assert the Trustee owes her these fees. After Mr. Bell filed his chapter 7 bankruptcy petition, Ms. Kennedy was given over seven months to come forward and submit any claim she had for outstanding fees. Ms. Kennedy did not appear in the Bankruptcy Action nor did she assert a claim for her purported fees. The deadline for filing a proof of claim in the Bankruptcy Action expired on June 14, 2021. *See* Ex. C. Accordingly, considering none of the exceptions to the proof of claim deadline apply, Ms. Kennedy is barred from asserting a claim for attorney's fees. *See In re Greenig*, 152 F.3d 631, 634 (7th Cir. 1998) ("11 U.S.C. § 502(b)(9) bars untimely proofs of claims where none of the 3002(c) exceptions apply[.]"); Fed. R. Bankr. P. 3002(c). Thus, as with Mr. Bell, the Trustee has not incurred any "costs" in connection with Ms. Kennedy's

---

[3] Dkt. 153-1 asserts the total amount of Ms. Kennedy's fees is $9,270 of which Mr. Bell has paid $2,000 while $7,270 remains unpaid.

5

representation. *See* 17 U.S.C. § 505.  Since the Trustee does not owe Ms. Kennedy fees (nor has she requested such fees), Mr. Bell's petition to recover for these unrealized expenses should be denied.

Alternatively, Mr. Bell's request as to all of Ms. Kennedy's purported fees should be denied because he fails to submit any admissible evidence of her fees.  A party requesting attorney's fees must submit sufficient evidence to support such allocation.  *See Fid. & Deposit Co. v. Krebs Eng'rs*, 859 F.2d 501, 508 (7th Cir. 1988) (internal quotation marks and citations omitted) ("the prevailing party must submit evidence supporting the hours worked, including billing records documenting those hours, so that the district court may properly determine the hours reasonably spent.").  The time sheet (Dkt. 153-1) and fee calculations (Dkt. 153-2) are the only documentation Mr. Bell has submitted in support for his claim for attorney's fees.  These documents lack authentication or certification; thus, they should not be considered. *See Sims v. Marnocha*, 159 F. Supp. 2d 1133, 1135 n.1 (N.D. Ind. 2001) ("The court will not consider these uncertified documents.")

In addition, the time sheet and fee calculations have been offered to prove the truth of the matters asserted therein; therefore, they also constitute classic inadmissible hearsay.  *See* Fed. R. Evid. 801, 802.  Even if these documents are considered attachments to Mr. Bell's subsequently filed affidavit (Dkt. 154), these documents would still be barred by the hearsay rule.  Mr. Bell makes no attempt to properly lay the foundation to establish the time sheet and fee calculations as admissible business records under Fed. R. Evid 803(6).  *Campbell v. Coca-Cola Enters.*, No. 11 C 1674, 2012 U.S. Dist. LEXIS 7287, at *10 (N.D. Ill. Jan. 18, 2012) (holding defendant's records were inadmissible hearsay because its affidavit did not properly lay the foundation to satisfy the business records exception).

Finally, even if this Court permits Mr. Bell's unsupported claim for Ms. Kennedy's fees, any award for her fees should be substantially reduced because her requested fees are unreasonable. Mr. Bell claims Ms. Kennedy is entitled to fees at $225 per hour in connection with her representation. However, upon reviewing the inadmissible time sheet submitted by Mr. Bell it is clear that much of Ms. Kennedy's work was secretarial in nature. *See* Dkt. 153-1. For example, on 3/21/18, Ms. Kennedy allegedly billed 1.3 hours for printing documents, preparing envelopes and traveling to the post office. She allegedly billed a total of 0.4 for her trips to a PO box on 3/31/18 and 4/4/18. Also, on 4/4/18, she billed 0.4 for scanning tracking receipts and filing a return of service. Furthermore, on 8/11/19, she billed 0.5 for filing Mr. Bell's motion for summary judgment.

In addition, to the secretarial entries mentioned above, other entries are suspicious. For instance, on 8/14/19, Ms. Kennedy billed 0.4 for an entirely separate copyright action filed by Mr. Bell. The entry simply reads: "Bell won DJ against a company for $150k for willful infringement Judge young third [sic]." Dkt. 153-1. In another instance, on 4/27/20, Ms. Kennedy allegedly spent 3.5 hours reading this Court's thirteen-page summary judgment order and did not prepare any subsequent filing after the order was entered. Even if the Court decides to award Mr. Bell for Ms. Kennedy's fees, Merchants should not be forced to pay for Ms. Kennedy's secretarial work or work related to other matters, and excessive entries such as the 3.5 hour entry above should be significantly reduced.

**D.     The relevant factors oppose an award of attorney's fees.**

Setting aside the foregoing distinct reasons for deny Mr. Bell's attorneys fees, the relevant factors to be considered when determining whether to assign attorney's fees also weigh against an award of attorney's fees in this case. "In utilizing its discretion to award attorney's fees under 17 U.S.C. § 505, a court should consider such non-exclusive factors as 'frivolousness,

7

motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 457 (7th Cir. 2001) (quoting *Harris Custom Builders, Inc. v. Hoffmeyer*, 140 F.3d 728, 730 (7th Cir. 1998)). If the Court decides to award attorney's fees, it must provide a sufficient explanation for its decision. *See id.*[4]

This litigation was the result of Mr. Bell's insistence that he was entitled to receive the maximum possible statutory damages. Mr. Bell readily admitted that, at most, he lost $200 from Merchants' alleged infringement. Dkt. 144, p.7. Nevertheless, Mr. Bell asked the Court to award a judgment against Merchants for $150,000. *See* Dkt. 56 and 57. Once the Court determined that Merchants' infringement was not willful, Mr. Bell continued to seek a judgment against Merchants for the maximum statutory amount, $30,000.[5] *See* Dkt. 112. Mr. Bell's insistence that Merchants was required to pay an excessive amount of damages effectively held Merchants hostage and forced Merchants to defend its rights through this litigation.

As to the relevant factors, Merchants' arguments as to liability and damages were not frivolous, ill-intended, or objectively unreasonable. Merchants had a valid argument as to liability as Sonar Studios was responsible for downloading Mr. Bell's Photo and uploading it to Merchants' website. Even though Merchants did not prevail on liability, the Court agreed with

---

[4] It is not unusual for a court to deny a prevailing plaintiff's request for attorney's fees in a copyright action. *See e.g.*, *Applied Innovations, Inc. v. Regents of Univ. of Minn.*, 876 F.2d 626, 638 (8th Cir. 1989) (denying prevailing plaintiff's attorneys fees "because the litigation involved numerous complex or novel questions which defendant had litigated vigorously and in good faith."); *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1189 (9th Cir. 2001) (affirming denial of attorney's fees to prevailing plaintiff holding that district court applied the proper test and did not abuse its discretion); *Edward B. Marks Music Corp. v. Borst Music Pub. Co.*, 110 F. Supp. 913, 918 (D.N.J. 1953) (awarding plaintiff $250 in statutory damages but refusing to grant plaintiff's attorney's fees).

[5] Under Section 504, if a court finds the defendant willfully infringed it may, in its discretion, award statutory damages up to $150,000. However, in the absence of willfulness, the maximum statutory amount a court can award is $30,000. 17 U.S.C. § 504(c).

Merchants as to damages, and, upon applying the credit from Sonar Studios's settlement, the Court held that Mr. Bell was not entitled to recover any damages from Merchants. In terms of compensation, Mr. Bell has already received $2,000 from Sonar Studios, which is ten times more than the revenue he potentially lost. Moreover, as the Court noted in its Judgment, a deterrent effect would not be served because Merchants was not aware and had no reason to believe its actions constituted infringement. Dkt. 144, p. 7.

Mr. Bell's own conduct further suggests his Motion for attorney's fees should be denied. Mr. Bell's request for damages was frivolous and objectively unreasonable. Mr. Bell did not produce evidence that Merchants willfully infringed on his rights. Instead, he admitted his request for $150,000 in damages was solely based on Merchants' "obstinance". Dkt. 144, pp. 4 & 7. As to his motivations, it appears Mr. Bell is less concerned about protecting his copyright; rather, he primarily views litigation (or the threat of litigation) as a money making tool. Mr. Bell noted in his Amended Complaint that he published the Photo on the internet for more than ten years before he bothered to register the Photo with the U.S. Copyright Office. *See,* Dkt. 23, p. 3. While he has only earned $825 from legitimately sales of the Photo, he has extracted $135,200 in settlements for purported copyright infringement claims. Dkt. 144, p. 2. Furthermore, there is no dispute that Merchants immediately complied with Mr. Bell's demand to remove the Photo from its website. Dkt. 144, p. 4. Nevertheless, Mr. Bell proceeded with filing this lawsuit without even checking to see if the Photo had been taken down. Dkt. 144, p. 4.

Along with his suspect motivations, granting Mr. Bell's attorney's fees would serve to further embolden plaintiffs that hold defendants hostage by demanding excessive statutory damages. There is simply no way out for a defendant, when a plaintiff who knowingly suffered

9

$200 in damages can insist he is owed $150,000, and if the defendant attempts to resist, he is forced to pay not only his own attorney's fees but the plaintiff's fees as well.

## IV. CONCLUSION

For the aforementioned reasons, Mr. Bell's Motion should be denied. In the event the Court does award Mr. Bell attorney's fees, any award should be reduced by the remaining $1,800 credit arising from Mr. Bell's settlement agreement with Sonar Studios.[6]

Respectfully Submitted:

/s/ *John D. Waller*
John D. Waller, #17600-49
John.Waller@dinsmore.com
David W. Patton, #35333-82
David.Patton@dinsmore.com
DINSMORE & SHOHL LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
Tel.: (317) 639-6151
Fax: (317) 639-6444

Attorneys for Defendant
Merchants Bank of Indiana

---

[6] Mr. Bell has already acknowledged that Merchants is entitled to this credit. *See* Dkt. 144, p. 9 and Dkt. 142, p. 8.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Richard N. Bell<br>Bell Law Firm<br>*richbell@comcast.net* | Maura K. Kennedy<br>The Law Office of Maura K. Kennedy, LLC<br>*attorneymaurakennedy@gmail.com* |
| Jason R. Delk<br>Delk McNally, LLP<br>*delk@delkmcnally.com* | |

                                          /s/ *John D. Waller*
                                          John D. Waller