UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL J. HEBENSTREIT Trustee of the Bankruptcy Estate for Richard N. Mr. Bell,<br><br>                Plaintiff,<br><br>            v.<br><br>MERCHANTS BANK OF INDIANA,<br><br>                Defendant.<br><br>Bankruptcy Trustee Michael J Hebenstreit MICHAEL J. HEBENSTREIT, TRUSTEE OF THE BANKRUPTCY ESTATE OF RICHARD N. MR. BELL agent TRUSTEE OF THE BANKRUPTCY ESTATE OF RICHARD N. MR. BELL,<br><br>                Trustee. | No. 1:18-cv-00056-JPH-DLP |

**ORDER DENYING PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND COSTS**

Richard Bell sued Merchants Bank of Indiana for copyright infringement after he saw one of his photographs on its website. He prevailed on that claim and was awarded $200—the required statutory minimum—in damages. The Trustee in Mr. Bell's bankruptcy proceeding, who was substituted as the plaintiff in this case, has filed a motion seeking over $17,000 in attorney fees and costs. Dkt. [152]. For the reasons that follow, the motion is **DENIED**.

**I.
Facts and Background**

1

Richard Bell filed this lawsuit against Merchants Bank of Indiana and its website developer, Sonar Studios Inc., alleging that they violated his copyright by using his "Indianapolis Nighttime Photo" on a page of Merchants' website. Dkt. 23.  Mr. Bell settled the claims against Sonar for $2,000, dkts. 93, 114 at 4, while he and Merchants filed cross motions for summary judgment, dkts. 56, 74.  The Court found that Mr. Bell owned the rights to the photo and that Merchants infringed those rights by displaying it on its website, but that Merchants' infringement was not willful.  Dkt. 98.

Before the damages hearing, Mr. Bell was substituted as plaintiff by Michael J. Hebenstreit, who was appointed as Trustee in Mr. Bell's Chapter 7 bankruptcy proceeding.  Dkt. 138.  After the hearing, the Court concluded that Merchants' infringement was "innocent" and that the need for deterrence was minimal because Merchants "had no reason to believe that its acts constituted copyright infringement."  Dkt. 144 at 7.  The Trustee was thus awarded the statutory minimum amount of damages, $200, *id.* at 8, and the award was credited against Mr. Bell's settlement with Sonar, *id.* at 9.

The Trustee has filed a motion under 17 U.S.C. § 505 seeking $17,197.50 in attorney fees and costs.  Dkt. 152.  This includes $9,270 in attorney's fees for Mr. Bell's former co-counsel, Maura Kennedy; $6,987.50 in attorney's fees for Mr. Bell's own representation of the Trustee; and costs of $940. Dkts. 153-1; 153-2.  Mr. Bell is a licensed attorney and originally filed a notice of appearance on his own behalf, dkt. 2.  Ms. Kennedy initially served as co-counsel with Mr. Bell, dkt. 20, but has not been active in the case for nearly

2

two years.  *See* dkt. 57; dkt. 153-2.  Mr. Bell refiled his appearance as attorney for the Trustee after he was substituted as Plaintiff.  Dkt. 139.

## II.
## Applicable Law

Section 505 of the Copyright Act provides that, in civil actions for federal copyright infringement, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  However, "a district court may not 'award[] attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)).

## III.
## Discussion

The Trustee argues that an award of attorney's fees and costs is appropriate here because Merchants pursued legally frivolous defenses and carelessly infringed on Mr. Bell's copyright.  Dkt. 153 at 6.  Thus, denying attorney's fees and costs would "unfairly shift the burden of Merchants' illegal actions on to Plaintiff."  *Id.*  Merchants responds that the Court should not award fees because Mr. Bell and Ms. Kennedy waived their rights to compensation, dkt. 156 at 4-7, and regardless, the motion for fees does not satisfy Section 505, dkt. 156 at 7–10.

**A. Attorney's Fees**

3

In determining whether to award attorney's fees in copyright cases, courts consider certain "nonexclusive factors" including "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 350 (7th Cir. 2020) (quoting *Fogerty*, 510 U.S. at 534). The balancing of these factors should "give substantial weight to the objective reasonableness of the losing party's position." *Id.* at 351 (citing *Kirtsaeng*, 579 U.S. at 199–200). But that factor is not determinative. *Id.*

### 1. Reasonableness, Frivolousness, & Motivation

Here, the losing party is Merchants, so the analysis begins by assessing the reasonableness of its litigation position.

The Trustee argues that Merchants "has not and cannot advance" a nonfrivolous or objectively reasonable justification for violating the Copyright Act and that it "spent significant amounts of time arguing several 'affirmative defenses' that [were] not supported by law or evidence." Dkt. 153 at 6. Merchants responds that it pursued legally reasonable defenses to claims that its infringement was willful and that Mr. Bell's "insistence" on seeking the statutory maximum in damages "effectively held Merchants hostage." Dkt. 156 at 8–9.

The record in this case shows that Merchants defended its position by advancing reasonable legal arguments in response to Mr. Bell's damage demand. Upon seeing the photo on Merchants' website, Mr. Bell demanded

4

that Merchants take it down and pay him $5,000. Dkt. 144 at 4. Without checking to see if Merchants had taken the photo down, Mr. Bell filed this lawsuit. *Id.* Then, without conducting any discovery, Mr. Bell increased his demand to $150,000 "because of Merchant's 'obstinance'." Dkt. 144 at 4, 7. After the Court found at summary judgment that Merchants had not willfully infringed, Mr. Bell argued for the maximum statutory damages of $30,000. Dkt. 112 at 6. But Mr. Bell also admitted his actual damages—for which he had been compensated in the $2,000 settlement with Sonar—could not have exceeded $200. Dkt. 144 at 7.

Considering that Mr. Bell would not reduce or dismiss his damages claim, even after his related settlement with Sonar, Merchants' decision to continue litigating this case was not unreasonable. *Id.* Furthermore, while Mr. Bell is the prevailing party, the Court found that there was "no evidence that Merchants intended to infringe on Mr. Bell's copyright" but rather that it had a "credible, good faith belief" that Sonar had obtained permission to use the photo. Dkt. 144 at 6.

As for motivation, the Court found that Merchants had no profit motive for using the photo, instead using it on a blog post for attracting new employees. *Id.* at 6–7. Mr. Bell, on the other hand, filed the copyright infringement lawsuit without checking to see if Merchants had removed the image after receiving his pre-suit demand—which it had done immediately. *See id.* at 4. "[F]ee awards under § 505 should encourage the types of lawsuits that promote" two goals of "encouraging and rewarding authors' creations while

5

also enabling others to build on that work." *Kirtsaeng*, 579 U.S. at 204.  This lawsuit did not promote either goal.[1]

Therefore, the factors of frivolousness, motivation, and objective reasonableness weigh against granting the Trustee attorney's fees.

### 2. Need for Compensation & Deterrence

The need for compensation and deterrence in this case also weigh against the Trustee.  Regarding compensation, Mr. Bell negotiated a settlement with Sonar for substantially more money than he would have earned had he sold the image to Merchants.  *See* dkt. 144 at 7, 9 (compare the $200 Mr. Bell could have received had Merchants bought the image, with the $2,000 settlement with Sonar).  Moreover, the Court applied the $200 award that the Trustee received from the hearing as a credit on that settlement—thus relieving Merchants of all financial liability even though Mr. Bell had prevailed on his infringement claim.

Finally, the record demonstrates that Merchants was not aware and had no reason to believe that its acts constituted copyright infringement, dkt. 166 at 7, so the need for deterrence is low.

---

[1] Mr. Bell has a history of filing similar actions regarding the same, or similar, images as were in dispute here.  *See* dkt. 144 at 4 (noting that Mr. Bell has "only earned $825 from legitimate[ ] sales of the Photo, [while extracting] $135,200 in settlements for purported copyright infringement claims"); *see also Bell v. Lantz*, 825 F.3d 849, 850 (7th Cir. 2016) (where the Seventh Circuit discussed a fee award granted to a defendant in another of Mr. Bell's copyright suits and reiterated the district court's finding that "Bell's motivation in filing the action was questionable in that Bell had filed a multiplicity of suits, each involving the same or similar infringement allegations with quick settlements.").

Therefore, the Trustee's motion is **denied** with respect to attorney's fees. Having found that attorney's fees are not warranted under § 505, the Court does not address the merits of Merchants' argument regarding Plaintiff's counsels' waiver of their right to recover fees, dkt. 156 at 4-7.

### 2. Costs

The Trustee seeks $540 for costs of conducting depositions and reimbursement of the $400 filing fee, for a total of $940. Dkt. 153-2. Like an award for attorney's fees, the Court has discretion as to whether the Trustee is entitled to the costs of this action. 17 U.S.C. § 505 ("the court in its discretion may allow the recovery of full costs by or against any party."). Considering all the aspects of this case that weigh against an award of attorney's fees, the Trustee's request for costs is **denied** as well.

### IV.
### Conclusion

The Trustee's Motion for Attorney's Fees and Costs is **DENIED.** Dkt. [152].

**SO ORDERED.**

Date: 7/6/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Michael Joseph Hebenstreit
LEWIS & KAPPES PC
mhebenstreit@lewis-kappes.com

Maura K. Kennedy
THE LAW OFFICE OF MAURA K. KENNEDY, LLC
attorneymaurakennedy@gmail.com

David W. Patton
DINSMORE & SHOHL LLP (Indianapolis)
David.Patton@dinsmore.com

John D. Waller
WOODEN & MCLAUGHLIN LLP (Indianapolis)
john.waller@woodenlawyers.com